UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                              :

JUAN CUEVAS,                              :

                         Petitioner,    :       10 Civ. 5959 (PAE) (GWG)

                               :         98 Cr. 1053 (PAE)

              -v-                   :      OPINION & ORDER

                               :

UNITED STATES OF AMERICA,       :

                               :

                       Respondent.   :

                               :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Petitioner Juan Cuevas, proceeding *pro se*, brings this petition for a writ of habeas corpus

(the "Petition") pursuant to Section 2255 of Title 28 of the United States Code.  In support of his

Petition, Cuevas raises the following arguments: (1) that the district court's questioning of him

during his plea allocution was improper, *see* Pet. 21–22; Objections 3–6, 13; and (2) that Cuevas

was prejudiced by ineffective assistance of counsel, *see* Pet. 1–20; Objections 11–22.  For the

reasons set forth below, the Court agrees with the August 16, 2012 Report and Recommendation

of the Honorable Gabriel W. Gorenstein, United States Magistrate Judge, Dkt. 18.  The Court

therefore denies Cuevas's Petition.

## I.    Background and Facts[1]

      Cuevas is currently incarcerated at the Allenwood Federal Correctional Institution in

White Deer, Pennsylvania.  On October 4, 2002, he pled guilty before the Honorable Jed S.

---

[1] A detailed account of the facts and procedural history of this case is provided in Judge
Gorenstein's August 16, 2012 Report and Recommendation, to which Cuevas does not object.
*See* Objections 1 ("Petitioner assert[s] and contend[s] that the background in its entirety is set
forth in Honorable Judge Gabriel W. Gorenstein's report and recommendation dated
8/16/12 . . . ."); *id.* at 8 ("[Petitioner] does not refute the facts presented in the court's report and
recommendation concerning the facts.").

Rakoff, United States District Judge, to a three-count indictment for: (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A); (2) conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1957(a); and (3) money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(a)(2).  Cuevas was initially sentenced to 390 months and a term of five years of supervised release on Count One of the Indictment, and to concurrent terms of 20 years each on Counts Two and Three.  *See* Dkt. 147, No. 98 Cr. 1053.

Cuevas appealed that sentence, arguing that his plea had not been entered into voluntarily.  *See* Dkt. 171, No. 98 Cr. 1053.  In support of this claim, he argued that the extradition treaty between the United States and the Dominican Republic, under which he had been brought to the United States after his indictment, provided for a maximum term of imprisonment of 30 years.  Thus, Cuevas contended, his sentence was in violation of that treaty, and, because he had not been informed of the treaty at the time of his plea, his plea had not been entered into voluntarily.  The Second Circuit remanded the case for the district court to determine "whether the United States and the Dominican Republic reached an agreement as to the sentence that could be imposed upon Cuevas."  *United States v. Cuevas*, 112 F. App'x 806, 806–07 (2d Cir. 2004).

Subsequently, the district court held that Cuevas's sentence was lawful.  *See United States v. Cuevas*, 402 F. Supp. 2d 504, 507–08 (S.D.N.Y. 2005).  Judge Rakoff held that the United States had never agreed to the 30-year limitation, and had not even been aware of that condition until Cuevas and his co-defendant were in its custody.  He also found that the Dominican Republic had not objected to Cuevas's sentence.  Upon appeal once more, the Second Circuit affirmed Judge Rakoff's finding as to the treaty and rejected Cuevas's argument that his

guilty plea had been involuntary.  *See United States v. Cuevas*, 496 F.3d 256, 264 (2d Cir. 2007).

Because Cuevas had been sentenced before *United States v. Booker*, 543 U.S. 220 (2005),

however, the Second Circuit remanded the case once again to Judge Rakoff, pursuant to *United

States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).  *See Cuevas*, 496 F.3d at 256.

At the resentencing, Judge Rakoff reduced Cuevas's sentence to 360 months.  *See* Dkt.

199, No. 98 Cr. 1053.  Cuevas appealed once more, *see* Dkts. 200 & 201, No. 98 Cr. 1053, and

the Second Circuit summarily affirmed the district court.  *See* Mandate, Dkt. 207, No. 98 Cr.

1053.

## II.    Procedural History

On August 6, 2010, Cuevas filed a motion to vacate, set aside, or correct his sentence,

pursuant to 28 U.S.C. § 2255, Dkt. 1, which he later amended, Dkts. 5 & 6.  On February 3,

2011, Judge Rakoff, to whom this case was then assigned, referred the case to Judge Gorenstein

for a Report & Recommendation ("Report & Rec.").  Dkt. 3.  On September 30, 2011, the case

was reassigned to this Court.  Dkt. 7.  Judge Gorenstein issued a Report & Recommendation on

August 16, 2012.  Dkt. 18.  On September 26, 2012, Cuevas filed his objections to the Report &

Recommendation ("Objections").  Dkt. 21.  On December 17, 2012, the Court received from

Cuevas a proposed "Supplemental Petition."  Dkt. 23.

## III.   Applicable Legal Standards

### A.  Legal Framework

A petition under Section 2255 of Title 28 of the United States Code may be filed when:

[a] prisoner in custody under sentence of a court established by Act of Congress
claim[s] the right to be released upon the ground that the sentence was imposed in
violation of the Constitution or laws of the United States, or that the court was
without jurisdiction to impose such sentence, or that the sentence was in excess of
the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a).

Such a petition is "generally available . . . only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S 424, 428 (1962)). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court should grant a hearing on the petition. 28 U.S.C. § 2255(b). However, "the application must contain assertions of fact that a petitioner is in a position to establish by competent evidence," *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987), and the court must "determine whether . . . viewing the . . . record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a *prima facie* case for relief," *Puglisi v. United States*, 586 F. 3d 209, 213 (2d Cir. 2009). "[I]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.* at 213.

**B.  Standard of Review**

After a Report & Recommendation has been issued by a magistrate judge, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo. See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). However, it is well-settled that when the objections simply reiterate previous arguments or make only conclusory statements, the Court should review the report for clear error, *see Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011); *Kirk v. Burge*, 646 F. Supp. 2d 534, 539 (S.D.N.Y. 2009) (collecting

4

cases), even in the case of a *pro se* plaintiff, *see Parlin Funds LLC v. Gilliams*, No. 11 Civ. 2534 (ALC)(MHD), 2012 WL 5258984, at *1 (S.D.N.Y. Oct. 23, 2012) (quoting *Molefe v. KLM Royal Dutch Airlines,* 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

Although Cuevas has filed objections to Judge Gorenstein's Report & Recommendation, these objections, save one, only repeat arguments that Cuevas has previously made, both during direct appeal and in his original and amended petitions.  Therefore, the applicable standard of review in this case is for clear error except as to Cuevas's one specific objection.  That objection is reviewed according to the more stringent *de novo* standard, with the Court mindful that Cuevas is proceeding *pro se*, and that "*pro se* parties are generally accorded leniency when making objections."  *Pinkney v. Progressive Home Health Servs.,* No. 06 Civ. 5023 (LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citing *Walker v. Vaughan,* 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." (citations omitted)).

## IV.    Discussion

Judge Gorenstein's thorough and well-reasoned Report & Recommendation addresses Cuevas's two grounds for his petition:  first, that Judge Rakoff improperly conducted his plea proceeding; and second, that he was denied effective assistance of counsel when his counsel advised him to plead guilty to all three counts of the Indictment.  The Court addresses these arguments in turn.

### A.  Plea Allocution

Cuevas asserts in his objections, as he did in his petition, that his plea allocution before Judge Rakoff did not comply with Federal Rule of Criminal Procedure 11, which requires that,

prior to a guilty plea, the court determine the factual basis for that plea.  He describes Judge

Rakoff's questions during the plea colloquy as "leading," and his answers as "not given in his

own words."  Objections 7; *see also id.* at 14 ("Judge Jed S. Rakoff ask[ed] and answere[d] his

own questions . . . .").  Judge Gorenstein's Report & Recommendation properly explains that this

claim "was required to be raised on direct review, and not in the context of a motion to vacate

under 28 U.S.C. § 2255, absent a showing of cause and prejudice, or actual innocence."  Report

& Rec. 11.

In response, Cuevas asserts that he "knew by excepting [*sic*] the guilty Plea petitioner

would be surrendering his appeal rights," Objections 14, and "that he had no appeal rights and

could not have raised the issue on direct appeal," *id.* at 15.

This argument—Cuevas's one new and specific objection, which the Court therefore

reviews *de* novo—fails for two reasons.  First, in pleading guilty, Cuevas did not surrender his

rights on appeal to challenge delinquencies in the plea proceeding.  Rather, in pleading guilty, a

defendant waives his right to proceed to trial, and later, to appeal a conviction after trial.  He

does not, however, waive the right to claim that the plea proceeding itself was so deficient as to

be void.  *See United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam) ("Even

if the plain language of the plea agreement barred this appeal, we would not enforce such a

waiver of appellate rights in this case because the defendant is challenging the constitutionality

of the *process by which he waived those rights*." (emphasis added)); *see also United States v.

Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) ("In some cases, a defendant may have a valid

claim that the waiver of appellate rights is unenforceable, such as when the waiver was not made

knowingly, voluntarily, and competently . . . ."); *United States v. Ready*, 82 F.3d 551, 557 (2d

Cir. 1996) ("[A] waiver of the right to appeal should only be enforced by an appellate court if the

record clearly demonstrates that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." (citation omitted)). And in fact, in appealing his sentence, *see supra* Part I, Cuevas argued, *inter alia*, that his guilty plea had not been entered into voluntarily.

Cuevas's objection to Judge Gorenstein's finding that Cuevas's "claim is not properly presented here as it is record-based" and was therefore "required to be raised on direct review," *see* Report & Rec. 11, thus must fail unless Cuevas can show cause for failing to raise it on direct review and resulting prejudice, or actual innocence. *See* Report & Rec. 11 (citing *Yick Man Mui v. United States*, 614 F.3d 50, 54 (2d Cir. 2010); *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007); *Sapia v. United States*, 433 F.3d 212, 217 (2d Cir. 2005)). Cuevas has not demonstrated cause for failing to raise this objection on direct appeal. And, although he argues that he is not guilty as to Count One of the Indictment, *see* Objection 2 ("Count[] One the petitioner was actually innocent of because he nor his brother never conspired to distribute or possess with intent to distribute any drugs."), beyond this conclusory assertion, Cuevas has not pointed to any evidence or facts indicating that he is, in fact, not guilty of the crimes to which he pled.

Second, Cuevas's claim that his plea proceeding was defective fails on the merits. The Court agrees with Judge Gorenstein that "Judge Rakoff's plea allocution was perfectly proper," Report & Rec. 11, and that the colloquy led by Judge Rakoff sufficiently elicited a satisfactory factual basis for the plea. Judge Rakoff questioned Cuevas as to each element of each offense charged in the Indictment. Cuevas's answers, in turn, established a factual basis upon which the Court could accept a guilty plea.

Cuevas's arguments about the impropriety of his plea allocution are therefore without merit.

## B.  Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show: (1) "that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  Cuevas has not made any new or specific objection in support of this claim.  And Judge Gorenstein's Report & Recommendation persuasively found that Cuevas could not prevail on his claims of ineffective assistance of counsel.

Specifically, Cuevas argued that his various counsel were ineffective for allegedly: (1) misinforming him as to the potential sentence he would face should he choose to proceed to trial; (2) failing to negotiate effectively during the plea bargaining process; (3) failing to investigate his case; and (4) failing to inform him of the possibility of deportation following a guilty plea.  The Court addresses these contentions in turn.

As to the first, Cuevas argues that he pled guilty after having been told, wrongly, by counsel that, should he proceed to trial, he could face a life sentence.  He now contends that, if counsel had investigated, informed him of, and attempted to enforce the extradition treaty under which he was brought to the United States, he would not have pled guilty, because that treaty assertedly limited his maximum sentence to 30 years.  But Cuevas's premise is wrong:  On appeal and then remand, that treaty was held not to have applied to Cuevas.  *Cuevas*, 402 F. Supp. 2d at 507–08.  Therefore, even if Cuevas were correct in his allegation as to his counsel's

advice, counsel's factual representation to Cuevas with regard to the treaty was accurate.  And, as Judge Gorenstein's Report and Recommendation points out, there is no indication that Cuevas's sentence following a conviction at trial "would have been anything less than life imprisonment."  Report & Rec. 12; *see also id.* ("Indeed, . . . the sentence called for by the guidelines would have been life imprisonment had it not been for the 2-point reduction in the offense level for acceptance of responsibility.").

Judge Gorenstein also did not credit Cuevas's unsworn claim that his counsel had informed him that pleading guilty would lead to his only receiving a 15-year sentence.  That claim contradicts Cuevas's other submissions, in which he states that he was led to believe he would be sentenced pursuant to the extradition treaty, which he claims carried a 30-year maximum sentence.  *See id.* at 13.  It is also inconsistent with the plea colloquy, in which Cuevas was informed that he a faced a maximum sentence of life imprisonment, Plea Tr. 15–16, that the Guidelines range applicable to his offense was 324–425 months, *id.* at 18, and that, if anyone had made any promises to him as to his sentence, such promises could not be relied upon, *id.* at 18–19.  Judge Gorenstein's analysis of this point was persuasive, and Cuevas has not offered any reason, let alone evidence, to call it into question.

As to Cuevas's second argument, Judge Gorenstein correctly rejected Cuevas's claim that his counsel failed to negotiate a more favorable plea offer.  As the Report & Recommendation stated, there is no indication that the Government would have accepted any different or more lenient plea terms.  Report & Rec. 13–14.  Cuevas, in his objections, does not identify any evidence that the Government would have done so.

Similarly, Cuevas's argument that his counsel did not properly investigate his case has no merit.  As the Report & Recommendation pointed out, Cuevas has not alleged or otherwise

identified any specific facts that, if discovered upon investigation, would have helped his case, improved his negotiating position, or otherwise affected his decision to plead guilty. *See id.* at 14–15 (collecting cases).

Finally, Cuevas's argument that his counsel failed to inform him of the deportation consequences of pleading guilty is unavailing. Judge Gorenstein noted that the rule announced in *Padilla v. Kentucky*, 559 U.S. 356 (2010), under which failure to so inform a defendant constitutes ineffective assistance of counsel, is unlikely to apply retroactively to his case, in which his plea and sentencing, and the resolution of his direct appeal, long predated *Padilla*. *See id.* at 15–16 (collecting cases). And in fact, after Judge Gorenstein issued the Report & Recommendation, the Supreme Court held that *Padilla* does not apply retroactively to cases on collateral review, in which a defendant's conviction became final prior to *Padilla*'s holding. *Chaidez v. United States*, 568 U.S. ___ (2013), No. 11-820, 2013 WL 610201 (U.S. Feb. 20, 2013). In any event, on this issue, Cuevas has failed to meet the required second prong in proving ineffectiveness of counsel: prejudice. Cuevas must show that, but for counsel's errors, "there is a reasonable probability that . . . [Cuevas] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Such a probability might exist if Cuevas could show that he had a rational reason to go to trial, *e.g.*, because the evidence gave him a plausible chance of avoiding conviction. Cuevas, however, has not made any such showing, including in his objections.

### C.  Motion to Supplement

The Court separately notes Cuevas's "motion for leave to file supplemental motion pursuant to Rule 15(c)(1)(B)," Dkt. 23, filed on December 17, 2012. That motion appears to propose that Cuevas be permitted to amend his complaint to include additional ineffective

assistance of counsel claims directed at two additional attorneys—persons who represented Cuevas after his guilty plea, including on appeal and resentencing.  Cuevas also appears to raise a new argument in the papers submitted with that motion—that the constitutional prohibition against *ex post facto* laws, embedded in the due process clause, was violated when Cuevas was resentenced upon remand, this time in light of the sentencing decisions in *Booker*, 543 U.S. 220, and *Crosby*, 397 F.3d 103, *see supra* Part I.  Cuevas thus alleges that these counsel erred in not raising an *ex post facto* argument.

Cuevas's motion to amend his petition is denied.  Under Rule 15, Courts should deny leave to amend a complaint where the amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007)).  "Futility" under Rule 15 turns on whether a proposed pleading would be able to withstand a dispositive motion—that is, whether it would state a claim upon which relief could be granted.  *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87–88 (2d Cir. 2002).  The Second Circuit has held that the same standard applies to motions to amend habeas petitions.  *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001).

Cuevas's proposed amendment here would be futile under that standard.  First, this Court has held that at no point was Cuevas denied effective assistance of counsel below.  His proposal now to claim that post-conviction counsel also were errant does not supply a basis to overturn the judgment of conviction.  Second, Cuevas's *ex post facto* argument is patently meritless.  Cuevas's resentencing post-Booker *reduced* his sentence.  *Ex post facto* concerns only arise when a law *increases* the punishment for a crime.  *See Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (collecting cases).  And the Second Circuit has squarely held that applying *Booker* to cases originally sentenced before that decision does not violate the *ex post facto* principle

inherent in the due process clause. *United States v. Fairclough*, 439 F.3d 76 (2d Cir. 2006) (per curiam); *United States v. Vaughn*, 430 F.3d 518 (2d Cir. 2005) (Sotomayor, J.). In no way, therefore, was either counsel's performance deficient in failing to raise that argument. Cuevas's amendment would therefore be futile, both on the merits of his *ex post facto* argument and as to these additional counsel's alleged ineffective assistance. The Court therefore denies the motion to amend.

## CONCLUSION

For the foregoing reasons, Cuevas's petition for a writ of habeas corpus is denied. The Court declines to issue a certificate of appealability. Cuevas has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to terminate the motions pending at docket numbers 5 and 20, and to close this case.

SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Dated: February 22, 2013
New York, New York

12